UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
RONALD L. BROWN,

                    Plaintiff,

              v.

TURRET & SUNBELT STEEL COMPANY,
MICROSOFT, VERIZON, GOOGLE OFFICE AND
GLOBAL NETWORKS OFFICES, NIKON, CON
EDISON, ANTHONY BARNA, PROGRESS
SOLAR, QUALCOMM, IBM, DONALD MEEKER,
APPLE CORP., CRM-INC., MEDIA
PROGRAMMING SERVICE, GEORGIA
INSTITUTE FOR ELECTRONICS, LIGHTPATH,
SEVEN INTERNATIONAL GROUP, FUZE CORP.,
STRIA LITHIUM INC., RUSTY
CLARK/ADVANCE STRIPPING, INC., and
ENDEAVOR AND EASTMAN-SCIENTIFIC, INC.,

                    Defendants.
-------------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
17-CV-368(MKB)

MARGO K. BRODIE, United States District Judge:

    Plaintiff Ronald L. Brown,[1] proceeding *pro se*, commenced the above-captioned action on January 17, 2017 against twenty-one Defendants, alleging a "Violation of Civil Rights". (Compl., Docket Entry No. 1.) The Court grants Plaintiff's application to proceed *in forma*

---

    [1] On page two of the Complaint, Plaintiff is identified as Ron L. Brown/IAM Portable Hybrid Trailer Group, Inc. To the extent Brown is attempting to represent a corporate entity, as a non-attorney *pro se* litigant, he may not do so. *See Pridgen v. Andresen*, 113 F.3d 391 (2d Cir. 1997) ("[I]t is well established that a layperson may not represent a corporation." (citing *Shapiro, Bernstein & Co. v. Cont'l Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) (per curiam)). Thus, the Court treats *pro se* litigant Brown as the only Plaintiff.

*pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Memorandum and Order.[2] For the reasons discussed below, the Court dismisses the Complaint.

## I. Background

In the form Complaint, Plaintiff checks the box indicating that he is bringing a claim against federal officials, (Compl. 3), and identifies the location of the claim as occurring "[o]n a virtue Public Domain website," (*id.* at 4). In identifying the relevant facts, the Complaint alleges that the email address for Plaintiff's company, info@iamportablehybridtrailer.com, "was over tak[en] by the government," and he no longer has any access to the email. (*Id.*) The Complaint alleges that Plaintiff is "the inventor" of a patent. (*Id.* at 9.) Plaintiff states that he was granted a patent on January 21, 2014 for "cloud software" and "cloud hybrid technology." (*Id.* at 5.) Plaintiff alleges that the patent was available for "franchise License opportunity" to "government and private businesses . . . with each having shared interest, by a split of the royalties." (*Id.* at 5.) Plaintiff claims that his civil rights have been violated and that he has not been paid the royalties he was due for his patent. (*Id.*) Plaintiff attaches over eighty pages of exhibits to the Complaint, but the exhibits do not provide any additional information about the alleged civil rights violation. (*See generally id.* at 16–52.) Plaintiff seeks, among other relief, "royalties" and one billion dollars in damages.[3] (*Id.*)

---

[2] Although Plaintiff presents conflicting information in his request to proceed *in forma pauperis*, Plaintiff states that he is unemployed and has significant financial obligations. The Court therefore grants his request. *DiGianni v. Pearson Educ.*, No. 10-CV-206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (noting that whether a plaintiff qualifies for *in forma pauperis* status is within the discretion of the district court).

[3] Plaintiff also filed a second action before this Court for breach of contract against some of the Defendants. *See Brown v. Apple*, No. 17-CV-369 (E.D.N.Y. filed Jan. 17, 2017). The Court dismissed that action for lack of subject matter jurisdiction and denied Plaintiff leave to amend. *See* Memorandum and Order, *Brown v. Apple*, No. 17-CV-369 (E.D.N.Y. Apr. 11, 2017), Docket Entry No. 4).

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). In addition, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it . . . ." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

### b. The Court lacks subject matter jurisdiction

The Court lacks subject matter jurisdiction over the allegations and therefore dismisses the Complaint.

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). The statutory provisions for federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Federal question jurisdiction provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). A plaintiff properly invokes section 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims where the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). For purposes of diversity of citizenship, a corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Bayerische Landesbank*, 692 F.3d at 48.

Here, Plaintiff fails to show that the Court has subject matter jurisdiction. Even though Plaintiff specifically brings this action as a civil rights complaint, (Compl. 1), and invokes this court's jurisdiction to sue federal officials for the violation of certain constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), (*id.* at 3), Plaintiff has not named any federal officials as defendants nor identified any

4

constitutional rights that were allegedly violated. Nor does he state any facts to support any such claim. *See S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010) (holding that a claim invoking federal question jurisdiction under 28 U.S.C. § 1331 may be dismissed for want of subject matter jurisdiction if it is not colorable, *i.e.*, if it is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous" (citations omitted)).

Similarly, the Complaint does not provide a basis for the Court to exercise its diversity jurisdiction because Plaintiff has not asserted facts to demonstrate complete diversity of citizenship between Plaintiff and Defendants. *See Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants." (citation omitted)); *St. Paul Fire and Marine Ins. Co. v. Univ. Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant." (citation omitted)). Based on the addresses of Plaintiff and Defendants as identified in the Complaint, complete diversity is lacking. Both Plaintiff and four of the Defendants, Con Edison Inc., Media Programming Services, Lightpath and Verizon Wireless, are located in New York. (Compl. 7–8.) Accordingly, because Plaintiff has not alleged that he is diverse from the Defendants, the Court cannot exercise diversity jurisdiction. *See Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("The complaint alleged that Lovejoy and the defendant resided in New York, thereby precluding diversity jurisdiction."); *Univ. Builders Supply*, 409 F.3d at 82 (holding that two plaintiffs from the same state as the defendant destroyed diversity).

Because Plaintiff fails to allege facts from which the Court can conclude that it has

jurisdiction, the Court dismisses the Complaint against Defendants. *See* 28 U.S.C. § 1915(e)(2)(b); Fed. R. Civ. P. 12(h)(3). However, based on Plaintiff's reference to a patent, the Court grants Plaintiff leave to amend the Complaint to bring a claim for patent infringement to the extent he intended to bring such a claim.

    **c. Leave to amend**

In light of Plaintiff's *pro se* status, the Court grants Plaintiff thirty (30) days from the date of this Memorandum and Order to file an amended complaint. Should Plaintiff elect to file an amended complaint, the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, and it must "plead enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff is advised that the amended complaint will completely replace the original complaint, must be captioned "Amended Complaint," and must bear the same docket number as this Memorandum and Order. The amended complaint should state a basis for this Court to exercise either (1) federal question jurisdiction by alleging a cause of action arising under federal law or (2) diversity jurisdiction by alleging complete diversity between Plaintiff and all Defendants as described in this Memorandum and Order. Any amended complaint should also include allegations as to how Defendants acted unlawfully. If Plaintiff fails to file an amended complaint within thirty (30) days of this Memorandum and Order, the Court will enter judgment dismissing the action.

**III. Conclusion**

Accordingly, the Court dismisses the Complaint for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(b); Fed. R. Civ. P. 12(h)(3). The Court grants Plaintiff leave to file an amended complaint within thirty (30) days from the date of this Memorandum and Order. If Plaintiff fails to file an amended complaint within the time allowed, the Court shall enter

judgment dismissing this action for the reasons set forth above. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: April 11, 2017
      Brooklyn, New York